# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Roberts*, 2013 IL App (2d) 110524

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRETT A. ROBERTS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0524 |
| Filed | January 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for residential burglary based on entering a vacant house and cutting out copper pipes was reduced to simple burglary, since the owners had listed the house for sale, they had left the state and did not intend to continue to occupy the house, and no one else intended to occupy the house within a reasonable time. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 10-CF-887; the Hon. Joseph P. Condon, Judge, presiding. |
| Judgment | Judgment modified; cause remanded. |

Counsel on Appeal

Brett A. Roberts, of Vienna, appellant *pro se*.

Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SPENCE delivered the judgment of the court, with opinion.

Justices Zenoff and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a jury trial in the circuit court of McHenry County, defendant, Brett A. Roberts, was found guilty of residential burglary (720 ILCS 5/19-3(a) (West 2010)) and was sentenced to a 10-year prison term. Defendant argues on appeal that he is guilty only of burglary, not residential burglary. At issue is whether a vacant house is a "dwelling" within the meaning of the residential burglary statute, where the owners had placed the property for sale but had secured no purchaser and had moved out of the state with no plans to return to the house. We hold that such a house is not a dwelling in the pertinent sense and we therefore reduce defendant's conviction to burglary.

¶ 2 The vacant house in question is located in Woodstock. At trial, Tom Krebsbach, a realtor, testified that, on May 11, 2010, he went to check on the house. The owners, John and Inara Howard, had moved to North Carolina and did not plan to resume occupancy of the house. When Krebsbach arrived, he encountered two men and a woman who indicated that they were waiting for their realtor to show them the house. Krebsbach entered the house and discovered a pile of copper pipe and a hacksaw that had not been there when he last visited the property. When Krebsbach walked out of the house, the three people he had encountered were gone. The State presented evidence that the piping had apparently been removed from the ceiling and detached from the home's well, the water heater, and the water softener. Defendant's fingerprints were found on pipes. The State also presented evidence that, a week later, defendant sold copper tubing to a scrap metal recycler.

¶ 3 Section 19-3(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/19-3(a) (West 2010)) provides, in pertinent part, that "[a] person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." There is no dispute that the State proved that defendant knowingly entered the Howards' house in Woodstock and that he did so with the intent to commit a theft. As noted, the issue on appeal is whether the house was a "dwelling" when defendant entered it. Section 2-6 of the Code (720 ILCS 5/2-6 (West 2010)) provides:

"(a) Except as otherwise provided in subsection (b) of this Section, 'dwelling' means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home or residence.

(b) For the purposes of Section 19-3 of this Code, 'dwelling' means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside."

¶ 4     The question presented is one of statutory interpretation, requiring us to ascertain and give effect to the legislature's intent. *People v. Diggins*, 235 Ill. 2d 48, 54 (2009). "The best indicator of the legislature's intent is the language of the statute, which must be accorded its plain and ordinary meaning," and "[w]here the language of the statute is clear and unambiguous, this court will apply the statute as written without resort to aids of statutory construction." *Id.* at 54-55. Our review is *de novo*. *Id.* at 54.

¶ 5     Because defendant was prosecuted under section 19-3 of the Code (720 ILCS 5/19-3 (West 2010)), subsection (b) of section 2-6 of the Code provides the applicable definition of "dwelling." A house is a "dwelling" if it is one "in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." 720 ILCS 5/2-6(b) (West 2010). This language is clear and unambiguous. For a house to qualify as a dwelling, the owners or occupants must reside in the house at the time of the offense or must intend to do so within a reasonable time. Here, it is undisputed that the owners of the house neither resided there nor intended to do so in the future. The house was unoccupied and no specific individuals intended to reside there. The State's position, in essence, is that, because the house was for sale, the owners intended that an eventual purchaser would reside there. That does not make the house a dwelling, however. The plain language of the statute specifically requires that the *owners* or *occupants* intend to reside in a house (or apartment, etc.) for it to be a dwelling. There is simply no language indicating that an owner's intent that some unidentified person reside in the premises at some unknown date in the future is sufficient to confer the status of "dwelling" for purposes of the residential burglary statute.

¶ 6     In order to reach the result the State advocates, it would be necessary to add language to the statute, expanding the definition of "dwelling" to include houses or other buildings that *may* have occupants at some unspecified date in the future. This we will not do. It is well established that " '[a] court is not free to rewrite legislation, or to ignore an express requirement contained in a statute.' " *People v. Wooddell*, 219 Ill. 2d 166, 173 (2006) (quoting *People v. Palmer*, 148 Ill. 2d 70, 88 (1992)). Furthermore, because the definition of "dwelling" is part of a penal statute, "it must be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute." *People v. Laubscher*, 183 Ill. 2d 330, 337 (1998).

¶ 7     Applying the definition of "dwelling" as written, a finding that the Howards' house–which was vacant when defendant entered it–was a dwelling requires an affirmative answer to one of the following two questions:

1. Did the owners intend within a reasonable period of time to reside in the house?

2. Did any occupants intend within a reasonable period of time to reside in the house?

The answer to both questions is no. The testimony establishes that the owners had moved out of the state and had no plans to return. Moreover, there were no other occupants who could form an intent to take up residence. That a future purchaser of the house might form such an intent is of no moment inasmuch as the statutory definition of "dwelling" focuses on the intent of the owners or occupants "at the time of the alleged offense." 720 ILCS 5/2-6(b) (West 2010). It has been observed that the residential burglary statute is "aimed specifically at protecting the privacy and sanctity of the home." *People v. Edgeston*, 243 Ill. App. 3d 1, 10 (1993) (citing *People v. Bales*, 108 Ill. 2d 182, 193 (1985)). There can be no violation of the privacy and sanctity of the home when there is no one who considers the premises in question to be his or her home (or future home).

¶ 8        We recognize that the State's position is not without support in the case law. In *People v. Silva*, 256 Ill. App. 3d 414 (1993), the First District affirmed the residential burglary conviction of a defendant who stole property from a basement apartment and first-floor apartment–both of which were vacant–in a two-flat apartment building. The owner of the building lived in the second-floor apartment. The *Silva* court relied on the facts that the burglarized unit was part of the same building in which the owner resided and that the owner used the space for storage. In that respect, the *Silva* court reasoned that the burglarized unit was comparable to a closet. *Id.* at 420. Although those facts clearly distinguish *Silva* from the case before us, the *Silva* court also reasoned that the trial court could find that vacant apartments were dwellings by inferring that the owner "intended either to live in the unoccupied space or to rent the space to a tenant." *Id.* The *Silva* court appears to have relied on *People v. Suane*, 164 Ill. App. 3d 997 (1987), a case that involved a definition of dwelling essentially identical to the one presently set forth in section 2-6(a) of the Code. See Ill. Rev. Stat. 1985, ch. 38, ¶ 2-6. Thus, when *Suane* was decided, the applicable definition of "dwelling" merely required proof that the burglarized premises were "used or intended for use as a *** residence." *Id.* Unlike section 2-6(b), the statute at issue in *Suane* did not specify that there must be an intent on the part of an owner or occupant to reside in the premises himself or herself. In light of the enactment of section 2-6(b), the results in *Suane* and *Silva* can no longer be justified on the theory that unoccupied residential property is or will be available to an as-of-yet unidentified purchaser or tenant, and for that reason we decline to follow those cases.

¶ 9        The State has cited a number of other cases in which an unoccupied residence qualified as a dwelling. However, in all but one the offense occurred when the owner or some other person intended to take up residence in the future. See *People v. McGee*, 398 Ill. App. 3d 789 (2010) (house vacated because of fire damage was a dwelling because, at the time of the offense, the owner's daughter was planning to move back to the house); *People v. Torres*, 327 Ill. App. 3d 1106 (2002) (mobile home vacated because of fire damage was a dwelling because, at the time of the offense, owners believed damage could be repaired and intended to return when that occurred); *People v. Walker*, 212 Ill. App. 3d 410 (1991) (where owner of house, who was being cared for in a nursing home, intended to return to the house, it was a dwelling even though the owner's intent to return may not have been realistic); *People v. Moore*, 206 Ill. App. 3d 769 (1990) (where occupant intended to, and did, return to house

that was burglarized while he was in Mississippi for about a month, the house was a dwelling even though it was put up for sale about a month after the occupant's return); *People v. Pearson*, 183 Ill. App. 3d 72 (1989) (rental house from which tenant had been evicted one day before burglary was dwelling place of new tenants who were scheduled to move in three days after burglary). The remaining case, *People v. Sexton*, 118 Ill. App. 3d 998 (1983), is inapposite because, like *Suane*, it was decided before the enactment of the current definition of "dwelling" applicable in residential burglary prosecutions.

¶ 10    The house defendant entered was not a "dwelling," but it was a building and defendant is therefore guilty of burglary rather than residential burglary. See 720 ILCS 5/19-1(a) (West 2010) ("A person commits burglary when without authority he knowingly enters *** a building *** or any part thereof, with intent to commit therein a felony or theft."). Burglary is an included offense of residential burglary (720 ILCS 5/19-3(a) (West 2010)). In the exercise of our discretion, we reduce defendant's conviction from residential burglary to burglary. See *People v. Alsup*, 373 Ill. App. 3d 745, 749 (2007) ("In its discretion, a reviewing court 'may reduce the degree of an offense to a lesser[-]included offense when the evidence fails to prove the defendant guilty beyond a reasonable doubt of the greater offense.' " (quoting *People v. Thomas*, 266 Ill. App. 3d 914, 926 (1994))). Because we reduce defendant's conviction, the case must be remanded for resentencing.

¶ 11    For the foregoing reasons, we reduce defendant's conviction of residential burglary to a conviction of burglary and remand for resentencing.

¶ 12    Judgment modified; cause remanded.